38141. BOWEN, Trustee *v.* FULTON COUNTY.

DECIDED MAY 12, 1960.

*Brince H. Manning, Jr., Clarence Peeler, Jr.,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, Martin H. Peabody,* contra.

BELL, Judge. The property owner asserts that it was error for the court to refuse to allow the questioning of one of the professional appraisers placed on the stand by the condemnor, as follows: "For the county purpose for which they have condemned it, how much dirt would you say the county could use, fill dirt, off of this particular lot?" The record shows voluminous testimony of important and essential elements which are necessary for the jury to have before it in determining the reasonable value of real estate for condemnation purposes. Although the value of fill dirt contained on certain property may be relevant and proper as an element in determining the reasonable value of the property, the question is here uncertain in its meaning and any attempted answer would give little or no guiding information to the jury in helping it in arriving at a conclusion as to the reasonable value of the house and lot which were involved in this evaluation. See *State Highway Board* v. *Shierling,* 51 *Ga. App.* 935 (181 S. E. 885). It is clear that although some probative value may have been realized by properly going into this "fill dirt" aspect of the matter, its exclusion was not prejudicial or harmful to the property owner in this case. See *Hall* v. *State,* 202 *Ga.* 619, 620 (44 S. E. 2d 234).

Special ground 3 assigned as error the exclusion of a number of cards that allegedly had been sent out by the property owner to various persons in the vicinity of the property here in question in an effort to determine desirability and feasibility of constructing a filling station and parking lot on the premises. Although a possible use of property in the future may be an element for the jury to consider in determining the reasonable value of the property, the cards attempted to be introduced in evidence

650

did not sufficiently connect the time element or the property involved, and the court properly refused to admit this evidence as it was presented at the time. In any event it is clear that the refusal to admit these cards was not sufficiently prejudicial or harmful to require the grant of a new trial.

Special ground 4 is incomplete as there was no request to charge and the ground does not aver that the issue was material, substantial or vital or that it was not covered in the general charge or raised by the evidence. See Code § 70-207; *Cooper* v. *Nisbet,* 19 *Ga.* 752 (3) (47 S. E. 173). Accordingly there is no error which would give the basis for a new trial on any of the grounds alleged as error in this case. *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408).

The order of the superior court overruling the special grounds for a new trial is hereby

*Affirmed. Felton, C. J., and Nichols, J., concur.*