40161.   BARNWELL v. STATE HIGHWAY DEPARTMENT.

Decided September 4, 1963—
Rehearing denied September 19, 1963.

*R. L. LeSueur, H. B. Williams,* for plaintiff in error.

*Eugene Cook, Attorney General, Carter Goode, Horace E. Campbell, Jr., Assistant Attorneys General, William E. Smith,* contra.

Jordan, Judge. 1. The undisputed evidence in this case disclosed that it was necessary in building the roadway to make a cut, averaging 21.82 feet, through the condemned right of way and that the State Highway Department in making said cut in the roadway removed approximately 136,000 cubic yards of dirt which was used in the construction of a fill on that part of the highway roadway immediately adjacent to the condemnee's land.

Special ground 1 of the amended motion for new trial assigns error on the refusal to allow Walter Bob Chappell, a project engineer with the State Highway Department, to answer certain questions propounded to him on cross examination by condemnee's counsel as to the value of the dirt removed from said

cut. It is contended by the condemnee that this testimony was admissible under the decision of this court in *State Hwy. Bd. v. Shierling,* 51 Ga. App. 935 (181 SE 885), not for the purpose of authorizing a recovery of the value of the dirt removed as a separate item of damages but as evidence to assist the jury in arriving at the fair market value for all purposes of the land condemned.

This court in the *Shierling* case (a three-judge decision with one dissent) stated that: "Where property is condemned for the purpose of being used in the construction of a public road, its availability not only for the establishment of a right of way for a public road, but also, by reason of its width beyond the width required for the width of a roadway, for furnishing dirt for use in making a fill in the roadway, is an element for consideration in arriving at its true market value for all purposes, and therefore the amount of compensation payable to the owner." Accordingly, the court held that it was not error as against the State Highway Board to admit evidence tending to illustrate the availability of the land to the board for use in furnishing dirt to be used in making a fill in the roadway for the purpose of assisting the jury in arriving at the market value of the land for all purposes. The record in that case, as pointed out in the dissenting opinion of Presiding Judge Jenkins, disclosed that the Highway Board in constructing a road across certain bottom lands sought to acquire a right of way wider than necessary for the roadbed in order that it might construct a "berm ditch" 25 feet wide and 4 or 5 feet deep, parallel to the highway, for the purpose of draining the land and in order to obtain dirt for filling in and elevating the roadbed; and it was the contention of the condemnee, as stated by Judge Jenkins, that the Highway Board was seeking said additional land "for the object and purpose of obtaining dirt with which to construct the large fill that had to be built across this land, as the dirt could be obtained at a much less cost in this way than by hauling it in from other lands for this purpose."

No such showing was made by the record in this case. Here the removal of the dirt from the condemned right of way was due to the necessity of making the cut through the right of way

for the construction of the roadway; and the fact that the State Highway Department was able to use the dirt removed from said cut, as an incident to the construction of the highway, to make a fill in the roadway at another location, was wholly irrelevant and immaterial to the issue of the market value for all purposes of the land to the condemnee landowner.

In some cases, of course, such dirt resulting from a cut becomes a burden and liability to the condemnor where it exceeds the amount of fill dirt needed in that particular area, requiring disposal by hauling long distances, etc. The fact that a particular tract of land has to be "filled in" or built up in order to make it suitable for highway purposes does not affect its value to the landowner and such evidence would be irrelevant in a condemnation proceeding to determine the value of the land. In other words, evidence that a particular tract of land condemned for highway purposes needs fill dirt to make it suitable, or the removal of excess dirt to make it suitable, has no bearing on its value at the time of taking. This is merely something the condemnor must do in making that particular tract fit into the overall purpose for which it was condemned, i.e. building a road.

This issue in our opinion is therefore controlled by the principle enunciated by the Supreme Court in *Selma, Rome &c. R. Co. v. Keith*, 53 Ga. 178, 180, in which it was held that the "issue on trial was the amount of damages the plaintiff had sustained from the defendant by the taking of his land for the use of its road, and not what it was worth to defendant, or how profitably it used or employed it"; and the fortuitous circumstance of the condemned right of way traversing a "hill rather than a hollow" and of the ability of the condemnor to avail itself of the dirt which of necessity had to be removed from the condemned land did not constitute an element for consideration in arriving at the market value for all purposes of the property and the amount of compensation payable to the owner.

Since we have distinguished the facts in the *Shierling* case, supra, there is no conflict in the holding herein made and any language used by the court in the case of *Bowen v. Fulton County*, 101 Ga. App. 648, 649 (114 SE2d 797), which cited the *Shierling* case. This ground is therefore without merit.

2. Special ground 2, in which error is assigned on the admission in evidence of a right of way easement from K. T. Barnwell to Sumter Electric Membership Corporation on the grounds that said easement was without probative value to any issues in this case, presents no cause for reversal.

3. The testimony of Frank Freeman, the County Warden and Road Superintendent of Sumter County, with reference to certain instructions given him by the decedent, K. T. Barnwell, in regard to the placing of roads upon the decedent's property, a part of which was being condemned, in the development of a subdivision upon said property, was not inadmissible under the provisions of *Code Ann.* § 38-1603 (3) as contended by counsel for the condemnee; and the remaining special ground which assigns error on the admission of said testimony is without merit.

4. The general grounds have been abandoned.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*