## 28057. TAYLOR et al v. TAYLOR COUNTY.

GUNTER, Justice. This is an appeal in an eminent domain case. The basis for jurisdiction in this court on appeal is that the trial judge, after the filing of the award of the special master, refused to enjoin further prosecution of the action.

The trial judge denied the injunctive relief sought by the appellants, and he proceeded to enter a judgment, based on the award of the special master, placing fee simple title to the subject property in the condemnor. See Code Ann. § 36-613a.

The appellants-condemnees had also filed an appeal from the award of the special master to the superior court in accordance with Code Ann. § 36-614a. However, that Code section provides that the entering of such an appeal to a jury in the superior court shall not hinder or delay in any way the condemning body's work or the progress thereof on the subject property. It was because of this provision in the statute that the appellants sought to enjoin further prosecution of the action by the condemnor, namely, the entry of a judgment by the court placing fee simple title to the subject property in the condemnor.

When an appeal is taken from a special master's award to a jury in the superior court pursuant to Code Ann. § 36-614a, the only issue for decision by the jury is the value of the subject property taken. See *Johnson v. Fulton County,* 103 Ga. App. 873 (121 SE2d 54) cert. den. 103 Ga. App. 893.

Therefore, it was necessary for the appellants to seek injunctive relief if they were to contest the authority of the condemnor to acquire the subject property in this eminent domain action.

The main contention of the appellants here is that the condemnor lacked authority to acquire the property because of an

inadequate description of the property contained in the condemnation complaint. Appellants say in their brief: "It is appellants' position that, primarily because of the lack of an adequate description, the order of condemnation is void and of no effect and that the property is still owned by them without regard to this condemnation proceeding."

The trial judge held that the description of the land to be taken contained in the condemnation complaint and "Exhibit A" attached thereto was legally adequate and sufficient. Upon review, we agree with the trial judge; the description of the land to be taken was legally adequate; and the appellants were not entitled to an injunction on the ground of an inadequate description of the subject property.

The other complaint of the appellants here is that service prior to the hearing by the special master was not in accordance with the statute providing for service in special master proceedings. Code Ann. § 36-610a provides: ". . . a substantial and reasonable effort to comply with the various modes of service herein provided for shall be sufficient, it being the purpose of this chapter to, so far as is reasonably possible, protect the rights of all parties to be heard at the time of the hearing before the special master, but that, so far as the right to take or damage the property or any interest therein, by the condemning body, upon the payment of the amount of the award by the special master into the registry of the court, is concerned, the award of the special master and the judgment of the court condemning the property to the use of the condemning body shall be conclusive."

In this case the condemnees had adequate notice of the special master hearing, they filed defenses that were considered and ruled on by the special master, and after the special master's award they filed an appeal to a jury in the superior court. Under these circumstances, the rights of the appellants were adequately protected even if they had had no service at all prior to the special master hearing. The service in this case was legally sufficient, but since the appellants participated in the special master hearing on the date that it was held, they cannot complain about lack of service and notice of the hearing.

Having reviewed this record, we find no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 6, 1973 — DECIDED OCTOBER 5, 1973.

Myers & Parks, John R. Parks, for appellants.
Alex Davis, for appellees.