A93A2550. BLACK et al. v. FAYETTE COUNTY.
(442 SE2d 802)

POPE, Chief Judge.

Pursuant to the provisions of OCGA § 22-2-100 et seq., Fayette

County filed a petition for condemnation on April 30, 1993, seeking temporary and permanent easements across the property of appellants Dorothy Redwine Black, Loyd Hall Black, individually and as trustee of the William Edgar Black Living Trust, and William Edgar Black, individually and as trustee of the Loyd Hall Black, Jr., Living Trust. An order appointing a special master and setting the hearing on the petition for May 19, 1993, was also entered on that date. Dorothy Black was served with the petition on May 6, 1993, Loyd Black was served on May 7, 1993, and William Edgar Black was served on May 10, 1993. William Edgar Black moved to continue the May 19 hearing on the basis that a hearing held on that date would be less than ten days from the date of service of the petition in violation of the time limits set forth in OCGA § 22-2-102. The special master refused to continue the hearing, and subsequently awarded Fayette County the temporary and permanent easements sought in the petition. The condemnees filed written exceptions to the award of the special master and moved to dismiss the petition. The superior court overruled the exceptions to the award of the special master and entered an order adopting the award of the special master granting the temporary and permanent easements to Fayette County. The condemnees appeal from that order.

1. The condemnees contend the trial court erred in overruling their exceptions to the award of the special master because the record shows that the petition for condemnation was not served on the condemnees within the time prescribed by OCGA § 22-2-107 (b). That section provides, in relevant part, for service of the petition "within three days from the date of the order of the judge on the petition." Fayette County argues, however, that because the condemnees resided outside the county where the property sought to be condemned was located, service of the petition is governed by subsection (c) of OCGA § 22-2-107 instead of subsection (b). We agree. Subsection (c) governs the service of the petition "[i]f any of the condemnees or other persons known to have any rights in the property or interest reside outside the county." Omitted from that section is the language contained in subsection (b) requiring that service be made within three days from the date of the order on the petition. Consequently, the three-day service requirement did not apply to service of the petition on the condemnees in this case, and the trial court did not err in overruling the exception to the petition on that basis.

2. The condemnees also argue that the trial court erred in overruling their exceptions because the hearing before the special master was not held in accordance with OCGA § 22-2-102 which provides that "[t]he hearing before the special master shall take place not less than ten days nor more than 15 days after the date of service of the order." The record shows that the hearing was held at the prescribed

time as to all but one of the condemnees, who was served with the petition nine days before the hearing. However, the record further shows that all the condemnees were represented by the same attorney, that counsel for the condemnees attended the hearing and moved to dismiss the petition, that following the hearing and the entry of the award of the special master the condemnees filed written exceptions to and a motion to dismiss the award of the special master in the superior court, and that a hearing was held in superior court on the condemnees' written exceptions and motion to dismiss. The record thus clearly demonstrates that the rights of all the condemnees were adequately protected and represented in this case. Under these circumstances, and while recognizing that this court previously has emphasized the necessity for strict compliance with the provisions governing special masters proceedings, *Wrege v. Cobb County*, 186 Ga. App. 512 (1) (367 SE2d 817) (1988), we decline to reverse the order of the superior court overruling the exceptions to the award of the special master in this case. Accord *Taylor v. Taylor County*, 231 Ga. 209 (200 SE2d 887) (1973).

3. Based on the foregoing, we also find without merit the condemnees' third enumeration of error urging that the order of the trial court be reversed based on the condemnor's failure to comply strictly with the provisions of OCGA § 22-2-100 et seq. in the particulars set forth above.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MARCH 9, 1994 —
RECONSIDERATION DENIED MARCH 29, 1994 —

*H. Edward Marks, Jr.*, for appellants.
*McNally, Fox & Cameron, Alison A. Bridges, Philip P. Grant*, for appellee.