S94G1120. BLACK et al. v. FAYETTE COUNTY.
(453 SE2d 692)

HUNSTEIN, Justice.

Fayette County chose to utilize the Special Master Act, OCGA § 22-2-100 et seq., as its method of condemning permanent and temporary easements over property owned by William Edgar Black and others. The Special Master Act provides that interested parties are to be served with an order setting forth the time and date of the hearing before the special master, OCGA §§ 22-2-102 and 22-2-107, and requires that the hearing before the special master "shall take place not less than ten days nor more than 15 days after the date of service" of the order. OCGA § 22-2-102. The evidence is uncontroverted that Black was served with the order less than ten days from the hearing held by the special master. The special master, after denying Black's motions for a continuance and for dismissal of the petition of condemnation which were made on the basis of the County's non-compliance with OCGA § 22-2-102, proceeded over objection with the hearing and issued an award. Written exceptions to the award specifically included the violation of OCGA § 22-2-102. The superior court upheld

the award and the Court of Appeals affirmed. *Black v. Fayette County*, 212 Ga. App. 626 (442 SE2d 802) (1994). We reverse.

As this Court recognized in *Sims v. City of Toccoa*, 256 Ga. 368, 369 (349 SE2d 385) (1986),

> [t]aking private property for the benefit of the public is an exercise of high power, and all the conditions and limitations provided by law must be closely followed. Too much caution cannot be observed to prevent oppression and abuse. [Cit.]

See also *Wrege v. Cobb County*, 186 Ga. App. 512 (367 SE2d 817) (1988). The County, having elected to use the Special Master Act, is bound by the provisions of law following its own election. Id. at 514. While the Act does recognize that "a substantial and reasonable effort to comply" is all that is required to effect service on interested parties, OCGA § 22-2-107 (g), no comparable leeway was provided by the Legislature under OCGA § 22-2-102 regarding the strict amount of time between service and the hearing before the special master.

Since the County failed to abide by the clear language of the statutory method it elected to follow, and since the record is clear that there was no acquiescence in or waiver of strict compliance with the statute,[1] the superior court erred by not declaring the hearing of the special master void for violation of OCGA § 22-2-102. Accordingly, the affirmance of that ruling in the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Hunt, C. J., and Fletcher, J., who dissent.*

FLETCHER, Justice, dissenting.

I respectfully dissent because I believe the majority's opinion is contrary to the letter and spirit of the Special Master Act.

OCGA § 22-2-107 (g) states that "a substantial and reasonable effort to comply with the various modes of service provided for in this Code section shall be sufficient." Requiring strict compliance without regard to whether any party is prejudiced is contrary to the express purpose of the statute, which is "to quicken and simplify the condemnation proceeding . . . and insofar as is reasonably possible to protect the rights of all parties to be heard at the time of the hearing." Id.; see also *Taylor v. Taylor County*, 231 Ga. 209, 210 (200 SE2d 887) (1973) (where condemnees had adequate notice of hearing and participated in hearing, they cannot complain that service was not in accord

---

[1] We find no merit in the County's argument that its failure to comply with the strict statutory requirement in OCGA § 22-2-102 can be excused by the fortuitous fact that Black's counsel also represented the other condemnees.

with Special Master Act).

In this case, Fayette County served two of the three condemnees within ten days of the hearing, and the third, who lived in Whitfield County, within nine days. All condemnees were represented by counsel at the hearing and had the opportunity to present their case to the special master. Thus, the record demonstrates that all condemnees had adequate notice of the hearing.

Furthermore, the condemnees have asserted no substantive challenge to the County's right to condemn, nor have they suggested that the time of the special master hearing interfered with their right to a de novo jury trial on compensation under OCGA § 22-2-112. Accordingly, the condemnees have failed to demonstrate any prejudice resulting from the fact that the County perfected service on one condemnee within nine days of the hearing, rather than within ten days.

The condemnees, not having demonstrated any prejudice to their rights before the special master or to their right to obtain just and adequate compensation, and not having demonstrated any intentional effort to avoid the statute or other abusive conduct by the County, may not have the special master hearing set aside. The Court of Appeals was correct in affirming the trial court's order.

I am authorized to state that Chief Justice Hunt joins in this dissent.

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 16, 1995.

*H. Edward Marks, Jr.,* for appellants.
*McNally, Fox & Cameron, Philip P. Grant,* for appellee.
*Troutman Sanders, Donald W. Janney, Joan B. Cravey,* amicus curiae.