## A95A2297. STAFFORD v. BRYAN COUNTY BOARD OF EDUCATION.
### (466 SE2d 637)

BLACKBURN, Judge.

Pursuant to OCGA § 22-2-100, the Bryan County Board of Education filed a condemnation petition in the Superior Court of Bryan County to acquire fee simple title to a 1.99-acre tract of land for the purpose of a road right-of-way to and from an elementary school in Richmond Hill, Georgia. Charles L. Stafford, the Bryan County tax commissioner, and the heirs of Andrew and Amelia Thomas were named as condemnees.

The trial court thereafter appointed a special master who, following a hearing, entered an award on December 7, 1992. Stafford filed exceptions to the award and an appeal of the same to the superior court. The superior court conducted a hearing as to Stafford's exceptions and ordered the special master to file an amended finding within 15 days and make recommendation as to the ownership of the property. Thereafter, on March 8, 1993, the superior court made the December 7 award, as amended, its judgment. On March 12, 1993, Stafford filed exceptions to the amended award and a notice of appeal of the valuation issue to the superior court. On March 30, 1995, after a trial on the valuation issue the jury returned a verdict for the condemnees in the amount of $34,125, and, on April 6, 1995, the trial court entered judgment upon the jury's verdict. Stafford now appeals.

1. Stafford first enumerates that the trial court erred by entering its March 8, 1993 judgment which made the amended award of the special master the judgment of the court and condemned the subject property to the Board's use, before considering his exceptions to the amended award although these were timely filed within ten days thereof pursuant to OCGA § 22-2-112.

"Exceptions to the special master's rulings on nonvalue issues must be made prior to the judgment authorized by [OCGA § 22-2-111]. [Cit.]" *Sweat v. Ga. Power Co.*, 235 Ga. 281, 285 (219 SE2d 384) (1975). Four days after the special master filed his amended findings, the trial court filed its judgment making the special master's amended award the judgment of the court. However, on March 12, 1993, Stafford filed a second bill of exceptions as to the amended award. Stafford's exceptions to the special master's amended award repeated exceptions that he made to the original award or for the first time excepted as to matters upon which he could have excepted originally. Our review of the record indicates that the trial court properly acted upon Stafford's exceptions to the original award. To the extent that Stafford requested de novo consideration of value by jury while contemporaneously excepting to the special master's valuation and related evidentiary determinations, he rendered the latter moot. Fur-

ther, in conformity with the trial court's order, the special master amended his original award to comply with the form prescribed by OCGA § 22-2-110 (c), refiled his oath as special master, and gave additional consideration as to the ownership of the property immediately prior to the commencement of condemnation proceedings. In doing so, the special master made no new substantive ruling or determination, resulting in an amended award which was substantively identical to the original.

While the statute clearly contemplates that the parties to a special master's rulings and findings should have a right to take exception thereto in the trial court, *Beck v. Cobb County*, 180 Ga. App. 808, 811 (350 SE2d 818) (1986), it is equally clear that the right to file exceptions under the statute would not extend to exceptions taken to an amended award not substantively changing an original award, particularly where, as here, such exceptions were properly acted upon or waived for failure to timely except to the original award. See id. ("[T]he failure of a party to file exceptions to the master's award for determination by the superior court results in a waiver of the party's right to further litigate any nonvalue issues.") A contrary result would confer a right to file exceptions not recognized by statute, conflicting with the legitimate ends of judicial economy and the special master method of condemnation, the purpose of which is to afford a speedy and just means of considering a citizen's interest in property before action may be taken to condemn it. Id. at 810. Accordingly, we deem this enumeration of error to be without merit.

2. In his second and third enumerations of error Stafford contends that the trial court erred by vacating its pretrial ruling disallowing evidence regarding title to the condemned property as bearing on its value. Citing *Dept. of Transp. v. Petkas*, 189 Ga. App. 633 (377 SE2d 166) (1988), Stafford argues that in the absence of a pending lawsuit between condemnees, allowing evidence as to his title in the property and as to attorney fees necessary to cure such title was reversible error. We disagree.

(a) Title Evidence. " 'A title which exposes the vendee to litigation is not a good and merchantable one if the danger thereof is apparent and real, not merely imaginary or illusory, which may be apprehended upon the basis of some fact or truth as to which there can be ascertainment with reasonable certainty. (Cit.)' [Cit.]" *Petkas*, supra at 637-638. That a title abstractor was here permitted to testify that a break in title existed rendering him unable to establish that the property was duly conveyed to Stafford's predecessor in title, was relevant as it demonstrated in real terms Stafford's vulnerability to litigation thereon, a circumstance which reasonably could affect the property's value. Id.

(b) Attorney fees. Stafford did not object to the testimony of a

real estate appraiser who, as an expert witness for the Board, testified that, in his opinion, attorney fees of $10,000 would be required to clear the title to Stafford's property. Assuming without deciding that the trial court erred in permitting the expert's testimony as to valuation, such error was waived for want of timely objection. See *Sutphin v. McDaniel*, 157 Ga. App. 732 (278 SE2d 490) (1981) (failure to interpose specific objection when evidence offered waiver on appeal).

3. In his fourth enumeration of error Stafford contends that the trial court erred by denying his motion in limine with respect to excavation costs as affecting the value of the condemned property.

Citing *Barnwell v. State Hwy. Dept.*, 108 Ga. App. 335 (132 SE2d 842) (1963), Stafford argues that the costs associated with filling in or excavating land condemned for the construction of a roadway are immaterial to the value of the land upon its taking. However, *Barnwell* held only that such costs were immaterial in the sense that the value of a condemned property for the construction of a public road is determined on the basis of its market value for *all* purposes, rather than the use for which the property is condemned. Id. at 338. See also *State Hwy. Bd. of Ga. v. Shierling*, 51 Ga. App. 935 (181 SE 885) (1935).

"Fair market value is the price a seller who desires, but is not required, to sell and a buyer who desires, but is not required, to buy, would agree is a fair price, *after due consideration of all the elements reasonably affecting value.* [Cit.]" (Emphasis supplied.) *Wright v. MARTA*, 248 Ga. 372, 375 (283 SE2d 466) (1981). "Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in a case, and every act or circumstance serving to elucidate or throw light upon that material issue is relevant and admissible. [Cits.]" *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283, 287 (308 SE2d 684) (1983). Condemnor's expert witness recommended that any person or entity desiring to "put some type of structure, similar to a road or parking area . . . over [the landfill area]" remediate the area by removing the existing fill material and replacing it with "new fill material" before commencing the project. We conclude, as the trial court did, that the general environmental condition of the condemned property, as a former landfill requiring remediation, was a relevant factor in fairly assessing the market value of the property, not simply as to the condemnor, but as to all prospective buyers. Accordingly, we deem this enumeration of error to be without merit.

4. Stafford last enumerates that the trial court erred by continuing the special master's hearing for a period in excess of five days in violation of OCGA § 22-2-108. Stafford raises this issue for the first time on appeal. His failure to preserve the issue by timely objection below constitutes waiver on appeal. "A party cannot ignore that which he considers to be an injustice during or prior to the trial of the

case in hopes of obtaining a favorable verdict and then enumerate that alleged injustice as error on appeal when the verdict proves to be adverse." *Gusky v. Candler Gen. Hosp.*, 202 Ga. App. 837 (415 SE2d 541) (1992). This enumeration of error is therefore likewise without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 11, 1995 —
RECONSIDERATION DENIED JANUARY 3, 1996 — ▮▮▮▮▮▮▮

*Henderson & Henderson, Michele M. Henderson, Devaul L. Henderson, Jr., Michael P. Ludwiczak*, for appellant.

*Edenfield & Cox, Gerald M. Edenfield, Susan W. Cox, Troy W. Marsh, Jr.*, for appellee.