S96G0703. STAFFORD v. BRYAN COUNTY BOARD OF
EDUCATION.
(476 SE2d 727)

HUNSTEIN, Justice.

This appeal involves application of the Special Master Act, OCGA § 22-2-100 et seq., specifically, that provision of the Act which allows a party who is dissatisfied with the special master's award to appeal the award "within ten days after the award is filed." OCGA § 22-2-112. Because the record in this case establishes a failure to comply with the strict statutory requirement of OCGA § 22-2-112, in that the superior court entered judgment on the award prior to the expiration of the ten-day period, we reverse the affirmance of that judgment by the Court of Appeals in *Stafford v. Bryan County Bd. of Ed.*, 219 Ga. App. 750 (466 SE2d 637) (1995).

Bryan County Board of Education chose to utilize the Special Master Act as its method of condemning 1.99 acres of property. After the special master's award was entered, condemnee Stafford timely filed exceptions to non-value issues, enumerating, inter alia, legal errors such as the special master's failure to file the Oath of Special Master required by OCGA §§ 22-2-103 and 22-2-105, the special master's failure to enter an award in compliance with OCGA § 22-2-110 (c), and errors regarding title to the property. The superior court found that the special master's oath was not in the record[1] and ordered the special master to sign a new oath and have it entered on the record. The superior court also ordered the special master to render an "amended finding" in compliance with OCGA § 22-2-110 (c). Finally, the superior court directed the special master to review the condemnation petition, responses, affidavits and transcript and, if warranted, to conduct a title examination of the property.

The special master's oath was filed in the record and an award comporting with OCGA § 22-2-110 (c) was filed on March 4, 1993. Four days later, on March 8, the superior court made the special master's award the judgment of the court. Stafford's exceptions to the non-value issues in the special master's award were filed March 12, four days after the superior court's judgment although within the ten-day period in OCGA § 22-2-112. Stafford appealed to the Court of

---

[1] The superior court found that the special master had executed the oath but that the oath "has been misplaced from the file."

Appeals[2] which held that the right to file exceptions under OCGA § 22-2-112 "would not extend. to exceptions taken to an amended award not substantively changing an original award." *Stafford v. Bryan County Bd. of Ed.*, supra, 219 Ga. App. at 751 (1).

OCGA § 22-2-112 provides that in case any party is dissatisfied with the special master's award, "he may, within ten days after the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed."[3] The statute as written sets forth no exceptions to the ten-day period and the Special Master Act does not draw any distinction between original awards and awards entered after a party has successfully challenged the original award in superior court or between second awards that do not substantively change the original award and second awards that are radically different from the original award.[4]

This Court has stressed that all the conditions and limitations provided by the Special Master Act must be closely followed. *Black v. Fayette County*, 265 Ga. 175, 176 (453 SE2d 692) (1995); *Sims v. City of Toccoa*, 256 Ga. 368, 369 (349 SE2d 385) (1986). See also *Wrege v. Cobb County*, 186 Ga. App. 512 (1) (367 SE2d 817) (1988). Because the plain language of OCGA § 22-2-112 was not followed and the record is clear that there was no acquiescence in or waiver of strict compliance with the statute, the superior court erred by not declaring its judgment entered on the special master's second award void for violation of OCGA § 22-2-112. Accordingly, the affirmance of that ruling in the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

---

[2] Stafford challenged the superior court's ruling in an earlier appeal and was authorized by the Court of Appeals to appeal the ruling together with all issues arising out of the judgment on the jury's verdict as to the amount of just and adequate compensation. *Stafford v. Bryan County Bd. of Ed.*, 212 Ga. App. 6 (440 SE2d 774) (1994).

[3] Although the statutory language is addressed to value issues, the same ten-day period has been judicially adopted for due process purposes as the period of time within which a party may file exceptions to non-value issues. *Sims v. City of Toccoa*, 256 Ga. 368, 370 (349 SE2d 385) (1986).

[4] The Court of Appeals stressed that compliance with OCGA § 22-2-112 is "particularly" not required where the exceptions to the second award "were properly acted upon or waived for failure to timely except to the original award." *Stafford v. Bryan County Bd. of Ed.*, supra, 219 Ga. App. at 751 (1). Aside from the requirement of strict compliance with OCGA § 22-2-112, the Court of Appeals' position fails, given that Stafford successfully established the entire original proceeding before the special master was procedurally flawed due to the absence in the record of the special master's oath and that the superior court's order specifically directed the special master to reconsider the entire proceeding before entering the second award.

DECIDED OCTOBER 7, 1996 —
RECONSIDERATION DENIED NOVEMBER 8, 1996.

*Henderson & Henderson, DeVaul L. Henderson, Jr., Michael P. Ludwiczak,* for appellant.
*Edenfield & Cox, Gerald M. Edenfield, Susan W. Cox,* for appellee.