## 45261. ACREE OIL COMPANY v. STATE HIGHWAY DEPARTMENT.

EBERHARDT, Judge.  In civil action No. 3322 in the Superior Court of Habersham County, the State Highway Department of Georgia sought to acquire by condemnation title to 0.041 acres of land, designated as Tract Four and shaded in green on a plat appearing at T-84.  A dispute arose between condemnor and condemnee as to title to additional land thought by the Highway Department to have been previously acquired by voluntary deed for its existing right of way.  Condemnee also claimed title to this additional land by virtue of a deed, the area in controversy being designated as Tracts Two (A) and (B) on the plat and shaded in yellow.  It was stipulated that this dispute existed; that the court would try the question of title to Tracts Two (A) and (B) without the intervention of a jury; that the condemnor was amending the cause of action to acquire title to Tracts Two (A) and (B) if found to be in the condemnee rather than the condemnor; and that the court could deliver possession of the land to condemnor without prejudicing the right of condemnee to recover for property to which it was found it had title.  The court, sitting without a jury, decreed that title to Tract Two (A) was vested in the condemnee, and that title to Tract Two (B) was vested in the condemnor. The condemnor appealed to this court in case No. 45260, which was withdrawn, and the condemnee cross appealed in case No. 45261, leaving as the only question the correctness of the ruling that title to Tract Two (B) was in the condemnor by virtue of a prior voluntary deed so that it was unnecessary to acquire it by condemnation.  Thus the only issue tried below, and the only one left in the case, is whether the condemnor or the condemnee has title to the additional land by virtue of voluntary deed rather than by

condemnation; and it appears that the case is one respecting title to land within the Supreme Court's jurisdiction (*Code Ann.* § 2-3704), rather than one falling within the exception noted in cases such as *Boswell v. Underwood*, 217 Ga. 675 (124 SE2d 394); *Grant v. Oakey*, 218 Ga. 723 (130 SE2d 490); *Howard v. Pate*, 218 Ga. 741 (130 SE2d 752); *Richardson v. Anderson*, 219 Ga. 264 (133 SE2d 16); *Alexander v. Rozetta*, 219 Ga. 707 (135 SE2d 409); *State Hwy. Dept. v. Holleman*, 220 Ga. 72 (137 SE2d 39).

*Transferred to the Supreme Court. Jordan, P. J., and Pannell, J., concur.*

ARGUED APRIL 8, 1970—DECIDED MAY 13, 1970.

*Gunter & McDonald, Jack Gunter, McClure, Ramsay & Struble, George B. Ramsay, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, Larry H. Evans, Deputy Assistant Attorney General, Stephen D. Frankum,* for appellee.