## 58103. McALLISTER v. CITY OF JONESBORO.

QUILLIAN, Presiding Judge.

Condemnee appeals from a judgment entered in a condemnation proceeding. The City of Jonesboro filed a complaint seeking to condemn a portion of land owned by the condemnee. The condemnee sought a restraining order, a permanent injunction and interposed several defenses to the condemnation. An order was issued dissolving the restraining order, denying any equitable relief and directing the condemnor to proceed with the statutory process for acquisition of the property. No appeal was taken from that order.

Subsequently, on August 3, 1977, the three assessors filed their award finding the condemnee entitled to $1,400 as compensation and damage. On August 4, 1977, the condemnor delivered and deposited with the clerk that sum. On August 5, 1977, the trial court entered a judgment based on the award. On August 15, 1977, the condemnee filed an appeal. On August 17, 1977, the condemnee filed a motion to set aside the judgment of August 6, 1977. Then on September 6, 1977, the condemnee filed what he denominated a motion for new trial from the August 5 judgment.

Appeal was taken from the trial judge's overruling of the motions to set aside and for new trial. *Held:*

Code Ann. § 36-601 (Code § 36-601 as amended Ga. L. 1967, pp. 143, 147) provides concerning an assessor's award in a condemnation proceeding "In case either party, or the representative of either party, is dissatisfied, he or they may, within 10 days from the time the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed." Here the award was filed on August 3, 1977; ten days thereafter, August 13, 1977 fell on a Saturday. Thus, an appeal filed on August 15, 1977, was timely. See Code Ann. § 81A-106 (Ga. L. 1966; pp. 609, 617; 1967, pp. 226, 229, 230) and Code Ann. § 102-102 (8) (Code § 102-102 (8); as amended through Ga. L. 1967, pp. 579, 580).

The entry of a judgment on the award only 2 days after the award was filed was premature. The condemnee, having exercised his right to appeal, was entitled to have

a jury determine "the value of the property taken or the amount of damage done." Code Ann. § 36-601. For this sole reason it was error to overrule the motion to set aside the judgment of August 5, 1977.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED
SEPTEMBER 7, 1979.

*J. Dunham McAllister,* for appellant.
*Albert B. Wallace,* for appellee.