## 69444. HART et al. v. CITY OF HAMILTON.
(325 SE2d 791)

DEEN, Presiding Judge.

The City of Hamilton filed a condemnation petition to acquire a 40-foot easement for a sewer line. The Harris County Board of Education; Horace B. Hart, as administrator of the estates of J. A. and Emma Kate Oliver; the Olivers' six heirs-at-law; Georgia Power Company; and the heirs at law of M. F. Hood were named as condemnees. Georgia Power had a power line across a portion of the property, and Hood was the last owner of record of a portion of the property sought to be condemned. He had acquired this portion in 1923 and, while there was no conveyance of record, the property had been occupied by the Harris County Board of Education (and its predecessors) or the Olivers since the late 1920's. Appellant contends that the easement area traverses property owned by the board of education, contiguous property whose ownership was disputed, and property owned by the Oliver estates.

Two years prior to the filing of the condemnation petition, a petition to quiet title involving a part of the condemned property was filed by Hart as administrator of the Oliver estates, and the Harris County Board of Education was named as respondent. There is nothing in the record on appeal to indicate that a final judgment was entered in that case prior to the final judgment in the instant case, which awarded the condemnation proceeds to the city. Two months after the city condemned the property and prior to the hearing by the special master on the quiet title petition, two unrecorded deeds executed in 1925 by M. F. Hood and Annie B. Hood conveying certain property to the Trustees of Hamilton High School, predecessors of the Harris County Board of Education, were discovered in a file drawer in the superior court clerk's office, where they had been placed 58 years previously.

Two months prior to the filing of the condemnation petition, the board of education gave the city an easement over a portion of the property described in the condemnation petition. The return of the special master in the condemnation proceeding which awarded the condemnees $2,111 was filed in August 1983, approved by the court, and made the judgment of the court. In December 1983, Hart filed a motion on behalf of the Oliver estates seeking payment of the full amount of the condemnation award, alleging that the other condemnees had disclaimed any interest in the proceeds (namely, the board of education and Georgia Power Co.). On December 23, the court ordered the motion be filed and served upon all the condemnees and set a hearing date for January 9, 1984. On that date, the court granted Hart's motion, holding that the heirs of F. M. Hood had been excluded as condemnees as a result of the discovery of the unrecorded

deeds, and that the remaining condemnees disclaimed their interest in the award and consented to payment of the award to the Oliver estates "if there is no appeal of this order." On January 18, the City of Hamilton filed a notice of appeal and a motion for rehearing. On March 29, after a hearing, the court denied the appeal of the City of Hamilton, but ordered a rehearing on the motion for disbursal of the condemnation proceeds, as the city had not been given notice as an interested party. A second hearing was held and, on May 23, 1984, the court ordered the clerk of court to pay the entire condemnation proceeds back to the City of Hamilton. The court found that subsequent to the condemnation order unrecorded deeds from M. F. and Annie B. Hood to the Trustees of Hamilton High School were discovered and recorded, and there was a dispute between the Harris County Board of Education and the Oliver estates as to the location of the boundary line between their properties, that the deeds recited that a "branch" was the boundary line between the parties' properties, and that it had considered the testimony of a registered land surveyor as to the boundary line in relation to the easement. Based on this evidence, the court found that the easement was completely north of the branch referred to in the deeds which were a part of the board's chain of title, and was completely on or across the property of the board of education, and that the City of Hamilton, by virtue of its previously granted easement from the Harris County Board of Education, had become a condemnee and was entitled to the entire condemnation award.

Hart, as administrator of the Oliver estates, appeals from this order, contending the court erred in ordering a rehearing on the motion for disbursal of the condemnation proceeds, in making the city a party to the hearing on the disbursal of the condemnation proceeds, in expanding the second hearing to decide the boundary line dispute, in finding that the disputed property belonged to the board of education, in finding that the city was both a condemnor and a condemnee, and in ordering the condemnation proceeds to be paid to the city. *Held*:

As far as we are able to determine this is a case of first impression in which the condemnor and the condemnee are the same party.

OCGA § 22-2-139 provides: "Nothing in this article which refers to any ruling or order, or time for responding thereto, shall be held or construed to exclude any person by way of default from making known his rights or claims in the property or interest or in the fund arising therefrom. . . . If any person after judgment of condemnation desires to come in and be heard on any such claim he shall be allowed to do so." While appellee argues that this provision is not controlling, as the court properly found the City of Hamilton "stood in the shoes of" the Harris County Board of Education by virtue of the previously

granted easement to the city, we believe that the city did make its interest known to the court. It filed a motion for a rehearing on the award contending it did not receive the requisite notice of the motion to disburse the condemnation award, as the newly discovered deeds showed the city had an interest in the property, and the award and the motion prayed for an equitable division of the proceeds.

OCGA § 22-2-114 provides the basis for disbursal of the condemnation proceeds by requiring the condemnor to pay the award into the registry of the court and then requiring the clerk of the superior court to pay out the proceeds upon proper proof submitted to him as to the quantity of the condemnees' interests. "Where there are conflicting claims, the clerk may require the conflicting parties to establish their claims before the court as is provided by law in other similar matters." OCGA § 22-2-138 authorizes the court to mold the award after payment is made into the registry of the court. "It shall be within the power of the court, upon payment of the award or verdict into the registry of the court, to adjudge a condemnation of the title to property or interest therein and give such direction as to the disposition of the fund as shall be proper, according to the rights of the several respondents, and to cause such pleadings to be filed and such issues to be made as shall be appropriate for an ascertainment and determination of such rights." In *Fourth Nat. Bank of Columbus v. Grant*, 140 Ga. App. 78 (230 SE2d 60) (1976), this court held that under the above-quoted code section, the trial judge is empowered to disburse condemnation proceeds to those "justly entitled" thereto, after hearing their respective claims.

Accordingly, we find no merit in appellant's enumerations. After reviewing the evidence, we find the trial court correctly found that the city inadvertently condemned property to which it already held an easement. To determine the correct disposition of the award, the trial court had to first find the quantity of the parties' respective interests in the condemned property and, to do so, it had to inquire into the boundary lines of the property. All the evidence before the trial court showed that the easement ran across property which was north of the branch, which was the boundary line as recited in the deeds, and the easement was not located on the Olivers' property. Although the appellee seems to argue that the land lot lines were controlling, no such argument was raised in the court below, as the transcript indicates no mention of the east-west boundary line in the trial court.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984 —
REHEARING DENIED DECEMBER 19, 1984.

*Dock H. Davis*, for appellants.

*Frank J. Jordan, Jr.,* for appellee.