### 43522. SIMS v. CITY OF TOCCOA.
(349 SE2d 385)

SMITH, Justice.

The appellant, Bernice Sims, appeals from a judgment and order of condemnation that was entered in the Superior Court of Stephens County. We reverse.

The appellee and condemnor, City of Toccoa, filed a petition in the Superior Court of Stephens County seeking to condemn the appellant's property and requesting that a special master be appointed. A special master was appointed to conduct a hearing.

The appellant filed an answer and counterclaim in which she sought a dismissal of the condemnor's petition and an injunction. She also raised several defenses that she argued during the hearing.

At the conclusion of the hearing, the parties agreed to waive the three-day requirement, OCGA § 22-2-110 (a), and extend the time in which the special master had to make his decision. Counsel for the appellant agreed to allow the extra time so long as it did not prejudice his ability to disagree with the special master's decision.

The hearing was completed on April 22, 1985, and the award was filed with the Clerk of Court on Friday, May 3, 1985. The special master found for the appellee and against the appellant on every issue and awarded the appellant $8,500 for her property.

On Saturday, May 4, 1985, the judge of the Stephens County Su-

perior Court entered a judgment and order making the award of the special master the judgment of the court.

On May 11, 1985, within ten days from the time the award of the special master was filed, the appellant filed a notice of appeal in which she again asserted the defenses she had filed in her answer and presented at the hearing.

On June 26, 1985, the appellee filed a motion for judgment on the pleadings. The appellee contended that although OCGA § 22-2-112 allowed the appellant ten days in which to file her exceptions to the value issues involved, case law provided that exceptions to non-value issues must be filed prior to the entry of the judgment and order of the trial court. Thus, her exceptions which were filed after the entry of the judgment and order of the court, but prior to the ten days granted by OCGA § 22-2-112, were sufficient to allow her to appeal to a jury on the value issue only. The appellee also contended that the appellant's failure to file any exceptions prior to the entry of the trial court's order acted as a waiver of any right she may have had to a judicial review of the non-value issues.

The appellant filed a motion to set aside the judgment, contending that the entry of the judgment on the day after the special master's award was filed denied her due process of law.

The final order of August 23, 1985, recited that the earlier order was entered during the February term, 1985; the June term began June 3, 1985; and the motion to set aside the judgment was filed in the June, 1985, term, thus, it was too late. The court denied the appellant's motion to set aside and granted the appellees motion for judgment on the pleadings.

The appellant contends that the trial court erred in denying her motion to set aside the judgment as she was denied due process of law when the court entered its order only one day after the award of the special master was filed.

Taking private property for the benefit of the public is an exercise of high power, and all the conditions and limitations provided by law must be closely followed. Too much caution cannot be observed to prevent oppression and abuse. *Thomas v. City of Cairo*, 206 Ga. 336, 337 (57 SE2d 192) (1950). A special master is authorized to make "critical determinations" other than value, *Wiggins v. City of Macon*, 120 Ga. App. 197, 199 (169 SE2d 667) (1969), and the only method of correcting any errors a special master may have made is by filing an appeal in the superior court where the action was begun. *City of Savannah Beach v. Thompson*, 135 Ga. App. 63, 66 (217 SE2d 304) (1975). The legislature in enacting the statute recognized that although the Act was passed in order to provide "a quick and effective adjudication of the just and adequate compensation to be paid to the owner or owners of property before taking . . . ," it was also necessary

to have "judicial ascertainment and supervision of *all questions and proceedings* connected with the matter." Ga. L. 1957, p. 389, § 3. (Emphasis supplied.) "Constitutional due process of law includes notice and hearing as a matter of right where one's property interests are involved. *Sikes v. Pierce*, 212 Ga. 567 (94 SE2d 427) (1956)." *Hamilton v. Edwards*, 245 Ga. 810, 811 (267 SE2d 246) (1980).

In order to comply with due process requirements, we hold that the ten days in which to file exception to value issues applies to non-value issues as well. Otherwise, a party might be denied any meaningful appeal of the non-value issues. Therefore, the appellant's exceptions to the non-value issues which were filed within the ten-day period allowed by statute for the value issues were timely filed, and the entry of the order which was premature as to the value issue, *McAllister v. City of Jonesboro*, 151 Ga. App. 260 (259 SE2d 666) (1979), was also premature as to the non-value issues.

A judgment that is void may be attacked at any time, *Wasden v. Rusco Indus.*, 233 Ga. 439, 445 (211 SE2d 733) (1975), and a judgment is void if the court in which it is entered acted in a manner materially inconsistent with due process. *Johnson v. Mayor &c. of Carrollton*, 249 Ga. 173, 175 (288 SE2d 565) (1982). The premature judgment is materially inconsistent with the appellant's opportunity to be heard in the trial court. It constitutes a denial of the appellant's due process rights, renders the court's judgment void, and moots the issue of the timeliness of appellant's motion to set aside the judgment.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 29, 1986.

*Willie J. Woodruff, Jr., John M. Clark,* for appellant.
*John A. Dickerson,* for appellee.