A92A0114. WILLIAMS et al. v. MACON-BIBB COUNTY WATER & SEWERAGE AUTHORITY.
(414 SE2d 909)

McMURRAY, Presiding Judge.

The Macon-Bibb County Water & Sewerage Authority brought this condemnation action to acquire a strip of land in Bibb County. Condemnees answered the petition, contending, inter alia, that the condemnation was for the benefit of a private developer and did not serve a public service; that the subject property contained vegetation which had been classified by governmental agencies as "endangered species"; and that the decision to condemn the strip of land was capricious and in bad faith. Following a hearing, a special master awarded condemnees the sum of $6,500 (representing $1,500 for the actual market value of the property to be taken and $5,000 for consequential damages to the remaining property). The condemnees' special defenses were denied "for the purposes of perfecting the record. . . ."

The special master's award was filed on June 17, 1991. Two days later, the award was approved by a superior court judge. Thereafter, on July 1, 1991, condemnees filed a "notice of appeal and demand for jury trial" pursuant to OCGA § 22-2-112.

Condemnor moved to dismiss the appeal because it was not filed within ten days of the filing of the award of the special master. The

trial court granted the motion to dismiss and condemnees appeal. *Held:*

OCGA § 22-2-112 provides, in part: "In case any party is dissatisfied with the amount of the award, he may, within ten days after the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed." This statute applies to both value issues and non-value issues. *Sims v. City of Toccoa*, 256 Ga. 368, 370 (349 SE2d 385). It makes it clear that an appeal from an award of a special master must be filed within ten days of the filing of the award. *Gwinnett County v. Grant*, 181 Ga. App. 304 (352 SE2d 391). It follows that condemnees' appeal was untimely and the trial court did not err in dismissing it. *City of Savannah Beach v. Thompson*, 135 Ga. App. 63 (217 SE2d 304).

The fact that the award was approved by a superior court judge on June 19, 1991, is of no consequence. The statute plainly provides that the time period for an appeal starts when the special master's award is filed.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 23, 1992.

*Hall, Bloch, Garland & Meyer, Benjamin M. Garland*, for appellants.

*Mathis, Sands, Jordan & Adams, Virgil L. Adams*, for appellee.