S93A1722, S93X1724. STYERS v. ATLANTA GAS LIGHT
COMPANY; and vice versa.
(439 SE2d 640)

</div>

BENHAM, Justice.

Appellant Walter Styers filed an action in state court seeking damages for alleged trespasses committed by employees and/or agents of appellee Atlanta Gas Light Company ("AGL") on Styers' land. AGL filed a counterclaim seeking damages for Styers' alleged interference with the utility company's easement across Styers' land. AGL also filed a separate action in superior court seeking an injunction enjoining Styers from interfering with AGL's easement. The actions were consolidated in superior court. Styers appeals from the trial court's grant of summary judgment to the utility on Styers' trespass claims and the issuance of the injunction forbidding Styers from in-

terfering with the utility's easement (S93A1722). AGL seeks review of the trial court's decision that a "notice stipulation" to which the parties agreed during the 1988 condemnation proceeding survived the appeal of the condemnation to superior court (S93X1724).

In 1987, AGL sought condemnation of a 50-foot-wide gas pipeline easement across Styers' land. In its award, the special master (see OCGA § 22-2-100 et seq.) found that the actual market value of the easement was $17,630 and that certain stipulations agreed upon by the parties were binding, including one that required AGL to give Styers 48-hour advance notice before entering upon the easement in non-emergency situations. Styers filed a notice of appeal from the special master's award and sought a jury trial in superior court "as to all issues in connection with this proceeding." Neither party used any other means to seek review of the special master's award. The special master's award was made the judgment of the superior court, and Styers' appeal proceeded to a jury trial on the issue of the value of the easement taken. In 1989, a jury returned a verdict in which it determined that $70,000 was just and adequate compensation for the taking of the easement, and the trial court entered judgment thereon.

1. In its cross-appeal, AGL asserts that the trial court erred when it found that the utility was required to give Styers 48-hour notice before it entered upon its easement through Styers' land in non-emergency situations. The utility posits that the notice provision did not survive Styers' appeal from the special master's award. In order to resolve the issue, we turn to the statutes pursuant to which the special master's award was made.

The Special Master Act provides

> an additional procedure for the exercise of the power of eminent domain . . . by providing for the appointment of a special master to determine the just and adequate compensation to be first paid for the property taken. . . .

Ga. L. 1957, p. 387. In addition to the primary duty of determining value, the special master is also authorized to rule on "any other matters material to [the condemnor's or condemnee's] respective rights." OCGA § 22-2-102. The Act provides an appeal to a jury "as to the value of the property or interest taken or the amount of damage done" should a party be dissatisfied with the amount of the award. OCGA § 22-2-112. In order to obtain review of the non-value issues determined by the special master, a party must file exceptions with the superior court prior to that court's entry of judgment on the special master's award. *Shoemaker v. Dept. of Transp.*, 240 Ga. 573 (3) (241 SE2d 820) (1978); *Sweat v. Ga. Power Co.*, 235 Ga. 281 (1) (219 SE2d 384) (1975); *City of Atlanta v. Turner Advertising*, 234 Ga. 1

(214 SE2d 501) (1975); *Leach v. Ga. Power Co.*, 228 Ga. 16 (4) (183 SE2d 755) (1971); *Wiggins v. City of Macon,* 120 Ga. App. 197 (1), (4) (169 SE2d 667) (1969). Before it enters judgment on the special master's award, the superior court must allow the parties ten days from the entry of the award within which to file exceptions to the non-value issues. *Sims v. City of Toccoa,* 256 Ga. 368, 370 (349 SE2d 385) (1986).[1] Failure to file exceptions results in a waiver of the right to further litigate non-value issues. *Shoemaker v. Dept. of Transp.,* supra; *Cann v. MARTA,* 196 Ga. App. 495 (3) (396 SE2d 515) (1990); *Beck v. Cobb County,* 180 Ga. App. 808, 811 (350 SE2d 818) (1986); *Wiggins v. City of Macon,* supra.

An appeal from a special master's award seeking "a jury trial as to all issues in connection with this proceeding" provides the appellant with a jury trial only as to the issue of value and is inadequate to preserve non-value issues. OCGA § 22-2-112; *Beck v. Cobb County,* supra at 810. Since the non-value issue of advance notice had been made a part of the superior court's judgment by its adoption of the special master's award in 1988, the absence of the notice stipulation from the 1989 judgment entered after the jury trial on the issue of value did not affect the continued viability of the notice provision. To hold otherwise would make the judgment entered on non-value issues subject to change upon entry of the judgment following the jury trial on value. Such a holding would thwart the provision of a simpler, more effective method of condemnation, the very purpose of the Special Master Act. Ga. L. 1957, pp. 387, 388, § 2.[2] Furthermore, if non-value issues are subject to review pursuant to an appeal to a jury trial on the issue of value, a condemnor's work will be hindered or delayed pending the outcome of the trial court's review of the non-value issues, a position contrary to the statutory statement that "the entering of an appeal [as to value] and the proceedings thereon shall not hinder or delay in any way the condemnor's work or the progress thereof." OCGA § 22-2-112.

2. Citing OCGA § 22-2-110 (d), AGL suggests that Styers' appeal from the special master's award initiated a de novo proceeding in which all aspects of the special master's award were at issue. The statutory subsection upon which AGL relies provides de novo review only as to the issue of value, as that is the only issue in which an

---

[1] In reaching a determination that the judgment rendered by the *Sims* trial court was void, this court relied on *Wasden v. Rusco Indus.,* 233 Ga. 439 (211 SE2d 733) (1975), which was overruled on this issue in *Murphy v. Murphy,* 263 Ga. 280 (430 SE2d 749) (1993). Thus, in the case at bar, the trial court's judgment adopting the special master's award is not void due to the trial court's failure to wait ten days after the filing of the special master award before entering a judgment on the award.

[2] In the case at bar, the judgment on the non-value issues was entered in October 1987, while the judgment on the value issue was not entered until February 1989.

appeal to a jury is authorized. See OCGA § 22-2-112. Therefore, non-value issues are not subject to de novo review under § 22-2-110 (d) upon filing an appeal to a jury.

When considered in a vacuum, several appellate decisions contain language that facially supports AGL's contention that non-value issues can be the subject of an "appeal." When the courts have stated that the only method of correcting a special master's errors is by an appeal to the superior court, the appellate court has used "appeal" when addressing a party's timely request for review of non-value issues, i.e., "exceptions." See, e.g., *Sims v. City of Toccoa*, supra at 369; *Central of Ga. EMC v. Mills*, 196 Ga. App. 882, 884 (397 SE2d 137) (1990); *Wrege v. Cobb County*, 186 Ga. App. 512, 515 (367 SE2d 817) (1988); *City of Savannah Beach v. Thompson*, 135 Ga. App. 63 (2) (217 SE2d 304) (1975). See also *Benton v. Ga. Marble Co.*, 258 Ga. 58, 66 (365 SE2d 413) (1988). Such cases do not hold that the limited appeal provided by OCGA § 22-2-112 is applicable to non-value issues.[3]

AGL next suggests that language used by this court in *Shoemaker v. Dept. of Transp.*, supra; *Leach v. Ga. Power Co.*, supra; *Sims v. City of Toccoa*, supra, and *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358 (227 SE2d 362) (1976), is in conflict concerning the necessity of filing exceptions to obtain judicial review of non-value issues. AGL concedes that *Shoemaker* and *Leach* require that exceptions be filed to obtain judicial review of non-value items. See also *Sweat v. Ga. Power Co.*, supra. In *Sims*, the issue before the court was the constitutionality of a superior court's entry of a judgment based on a special master's award before a party had a meaningful opportunity to seek review of non-value issues decided by the special master. In its opinion, the court's description of the contents of the condemnee's "notice of appeal" (assertion of defenses filed in the answer and presented to the special master), and its description of the contested filing as "exceptions," make it clear that the "notice of appeal" was, in fact, a list of exceptions to the special master's resolution of non-value items. Thus, *Sims* does not support the proposition that an appeal filed pursuant to OCGA § 22-2-112 preserves non-value issues for judicial review.

In attempting to summarize the Special Master Act and proceedings thereunder, this court stated in *Zuber Lumber Co.*, supra at 364:

---

[3] We recognize that the ten-day period in which to file an appeal to a jury under § 22-2-112 has been judicially adopted for due process purposes as the period of time within which a party may file exceptions to the non-value issues in the special master's award. *Sims v. City of Toccoa*, supra. Our discussion of § 22-2-112 herein does not abrogate that narrow "application" of § 22-2-112 to non-value issues. Dicta in *Williams v. Macon-Bibb County Water &c.*, 202 Ga. App. 549 (414 SE2d 909) (1992), to the effect that § 22-2-112 is applicable to both value and non-value issues should similarly be narrowly read.

> [i]f an appeal to a jury in the superior court is not taken by one of the parties pursuant to [OCGA § 22-2-112], then exceptions to the rulings on issues of law made by the Special Master must be timely filed and presented to the trial judge for decision.

We recognize that the statement implies that an appeal to a jury covers non-value legal issues ruled on by the special master. However, the statement, as it is appears in *Zuber*, is dicta and we take this opportunity to reiterate that the timely filing of exceptions to non-value issues passed on by the special master is the means by which judicial review of those issues may be had.

3. The remainder of AGL's enumerations of error concerning the viability of the notice provision are without merit as each is an attempt to apply principles of contract law to a judgment entered by a court of competent jurisdiction. If AGL believed the stipulation incorporated by the special master into his award was vague, ambiguous, or related only to the time of construction upon the easement, it should have sought clarification in the superior court by filing an exception. See *Todhunter v. Price*, 248 Ga. 411 (1) (283 SE2d 864) (1981).

Since AGL never filed an exception to the special master's award concerning the requirement that it give Styers advance notice of its entry onto the easement in non-emergency situations, and the superior court made the special master's award the judgment of the court, the trial court was correct when it determined that the notice provision was a viable portion of the condemnation judgment.

4. As there was a genuine issue of material fact concerning the damage allegedly sustained by Styers' property adjacent to the easement, the trial court did not err when it denied summary judgment to AGL on the issue.

5. It appearing that the trial court's grant of summary judgment to AGL on Styers' trespass claims and the issuance of the injunction against Styers' future interference with the utility's easement were supported by the appropriate quantum of evidence and that no harmful error of law, properly raised and requiring reversal, appears, the trial court's judgment on these issues is affirmed. Rule 59, Rules of the Supreme Court of Georgia.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994.
Title to land. Fulton Superior Court. Before Judge Hill.
*Alderman, Green & Hamby, Brady D. Green,* for appellant.
*Long, Aldridge & Norman, John L. Watkins, Paula R. Miller,*

*Lynn Gavin, James J. Thomas II, Gregory C. Avioli,* for appellee.