A99A1287. FOWLER v. CITY OF WARM SPRINGS.
(519 SE2d 703)

Judge Harold R. Banke.

Even though it claimed to hold fee simple title to certain property, the City of Warm Springs petitioned to condemn the property for public purposes and named Timothy Fowler as a party claiming interest in the property. The City elected to pursue the matter through a special master. See OCGA § 22-2-100 et seq. ("Special Master's Act"). The special master decreed that title was in the City and thus no monies were to be awarded for the property. One day after the special master's award was filed, the superior court judge signed a judgment thereon, which judgment was filed six days later. Fowler appeals, claiming three errors.

1. First, Fowler contends that the judgment is void based on claims that service was untimely and the special master's hearing was improperly continued. But such claims could have formed the basis of exceptions to the special master's award and must first have been raised and ruled on by the special master himself and preserved on a record which the trial court could have examined. *Simmons v. Webster County,* 225 Ga. App. 830, 833 (1) (485 SE2d 501) (1997); see *Black v. Fayette County,* 268 Ga. 570, 571 (1) (492 SE2d 517) (1997). There is nothing in the skeletal record reflecting that Fowler presented these issues to the special master, nor is there a transcript of the proceedings before the special master, nor is there any mention of these issues in the findings of the special master's award. See *Simmons,* supra, 225 Ga. App. at 833 (1); *Ward v. Housing Auth. of*

*Atlanta*, 157 Ga. App. 825, 826-827 (278 SE2d 715) (1981). Compare *Black*, supra, and *Wrege v. Cobb County*, 186 Ga. App. 512 (367 SE2d 817) (1988).

Because Fowler failed either to raise these matters before the special master or to preserve a record of such, he has waived appellate review of them.

2. Second, Fowler contends that in a condemnation action the special master and the trial court lack the power to determine the title to the property to be condemned. This contention is without merit. "[A]lthough the special master's primary responsibility is to ascertain the value of the condemned property, he is authorized to hear and determine *any* relevant legal issue raised by the parties." (Citation omitted; emphasis in original.) *Stephens v. Dept. of Transp.*, 170 Ga. App. 784, 786 (1) (318 SE2d 167) (1984). Even if the evidence shows the condemnor holds title to the property or easement, the special master and the court have the power to determine who has an interest in the property and what that interest is. *Hart v. City of Hamilton*, 173 Ga. App. 135, 136-137 (325 SE2d 791) (1984); see *Shoemaker v. Dept. of Transp.*, 240 Ga. 573, 577 (3) (241 SE2d 820) (1978); *Big-Bin Dispos-All v. City of Valdosta*, 172 Ga. App. 746 (1) (324 SE2d 501) (1984), overruled on other grounds, *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 642 (5) (385 SE2d 746) (1989).

3. Third, Fowler contends the trial court erred in entering judgment on the special master's award less than ten days after the award was filed. OCGA § 22-2-112 allows a dissatisfied party to appeal the amount of the award to the superior court within ten days after the award is filed, which time period also applies to filing exceptions to non-value issues. *Sims v. City of Toccoa*, 256 Ga. 368, 370 (349 SE2d 385) (1986).

Because all conditions and limitations provided by the Special Master's Act must be strictly followed, a superior court's entry of judgment on an award prior to the expiration of the ten-day period is reversible error absent an acquiescence or waiver. *Stafford v. Bryan County Bd. of Ed.*, 267 Ga. 274 (476 SE2d 727) (1996); *Sims*, supra. Since the judgment is premature but not void (*Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858, n. 1 (439 SE2d 640) (1994)), a court can abrogate the judgment and, after considering objections to the award asserted by a party, enter a new judgment. See *Simmons*, supra, 225 Ga. App. at 831-832. Absent the opportunity to have such objections heard, serious issues of due process arise. *Earth Mgmt. v. Heard County*, 248 Ga. 442, 445 (3) (283 SE2d 455) (1981); see *Brown v. Ga. Power Co.*, 371 FSupp. 543 (S.D. Ga. 1973), aff'd, 491 F2d 117 (5th Cir. 1974).

The City contends Fowler waived the opportunity to be heard on any exceptions to the award when he failed to move to have the judg-

ment vacated, set aside or reconsidered. No case or statutory law requires such post-judgment motions to preserve the issue for appeal. The City also claims Fowler should have filed exceptions to or otherwise appealed the award to the superior court within ten days of the filing of the award, despite the entry of the premature judgment. Although this has been done in previous cases (see, e.g., *Stafford*, supra, 267 Ga. at 274; *Sims*, supra, 256 Ga. at 369), no authority requires this act as a prerequisite to appealing a premature judgment. Nevertheless, we encourage parties to do so, so as to influence the trial court to abrogate a premature judgment and to consider the raised issues.

Accordingly, the judgment is reversed and the case remanded with the instruction to allow the parties to file exceptions to the award within ten days of the superior court's receipt of remittitur from this court. Any exceptions should be considered in due course under the Special Master's Act.

*Judgment reversed and case remanded with instruction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 1999.

*William A. Adams, Jr., Owen J. Adams*, for appellant.
*Tyron C. Elliott*, for appellee.

