A99A1827. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. OSTING et al.
(525 SE2d 380)

PHIPPS, Judge.

Osting and Morrison entered into a bailor-bailee agreement for storage of Morrison's goods at Osting's residence. While there, the goods were destroyed by fire. Osting's homeowner's insurance carrier, Georgia Farm Bureau Mutual Insurance Company, sued for a declaratory judgment that its policy does not cover claims against Osting for loss of the property. The trial court held otherwise.

The insurer appealed in *Ga. Farm &c. Ins. Co. v. Osting*.[1] Because the coverage issue turns on the question of whether Osting and Morrison intended their contract to directly relate to the insured location, and because the trial court decided the case on another ground, this court reversed and remanded for reconsideration. This court held that the testimony of Morrison and Osting presented conflicting evidence on the question to be decided.

On remand, the trial court, without hearing additional evidence, ruled that the parties intended their contract to relate directly to the insured premises.

The insurer again appeals, arguing that (1) Osting's and Morrison's testimony was not admissible on the question of contract interpretation, and (2) there is no evidence to support the trial court's ruling. In the prior appeal, these issues were decided adversely to the insurer through rulings which are binding in this appeal under the law of the case rule.[2]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 16, 1999.

---

[1] 235 Ga. App. 599 (1) (510 SE2d 334) (1998).
[2] See *In re Spruell*, 237 Ga. App. 259 (515 SE2d 190) (1999).

*John T. Croley, Jr.*, for Georgia Farm Bureau.
*Jason A. Craig*, for Osting.
*John E. Morrison*, pro se.