## A01A1073. FOWLER v. CITY OF WARM SPRINGS.
(554 SE2d 301)

RUFFIN, Judge.

Timothy Fowler appeals the trial court's order adopting the special master's report in this condemnation action. For reasons that fol-

---

[15] Id.

[16] See id.

low, we affirm.

An abandoned railroad right-of-way in Warm Springs has been the subject of several lawsuits and appeals.[1] The present appeal arises out of a condemnation action filed by the City of Warm Springs ("the City"), which petitioned to condemn a portion of that right-of-way ("the property") in August 1997. Fowler, who owned land adjoining part of the right-of-way, answered the condemnation petition, claiming prescriptive title to the property through adverse possession.

The trial court appointed a special master to hear evidence regarding the property.[2] Following a hearing, the special master rejected Fowler's adverse possession claim and determined that the City already held title to the property, obviating any monetary award.[3] Less than ten days later, the trial court adopted the special master's report. Fowler appealed, claiming, among other things, that the trial court erred in adopting that report before the ten-day period for filing objections expired.[4] We agreed, reversed the judgment, and remanded with instructions that the parties be allowed to file objections to the special master's report.[5]

On remand, Fowler filed numerous objections, raising procedural and substantive arguments. After a hearing, the trial court overruled Fowler's objections and again adopted the special master's report. Fowler now appeals the trial court's ruling.

1. Fowler first argues that he, rather than the City, owns title to the property. According to Fowler, he is the only landowner adjacent to the portion of the abandoned right-of-way at issue. He contends, therefore, that under *Johnson & Co. v. Arnold*,[6] fee simple in that part of the right-of-way vested in him when he took title to the adjoining property.

Fowler has not pointed to any evidence that he raised this argu-

---

[1] See *Scales v. Fowler*, 269 Ga. 87 (495 SE2d 32) (1998); *Descendants of Bulloch, Bussey & Co. v. Fowler*, 267 Ga. 79 (475 SE2d 587) (1996); *Fowler v. City of Warm Springs*, 238 Ga. App. 601 (519 SE2d 703) (1999).

[2] See OCGA § 22-2-100 et seq.

[3] The City alleged in its condemnation petition that, in a separate quiet title proceeding, the trial court had already determined that the City owned the property. Nevertheless, the City filed the condemnation action because that ruling was on appeal, raising uncertainty regarding the title. To secure "prompt judicial ascertainment of any questions connected with the matter," the City sought to condemn the property and determine its value in case another claimant was found to be the owner. The Supreme Court subsequently affirmed the trial court's ruling in the quiet title proceeding. *Scales*, supra.

[4] *Fowler*, 238 Ga. App. at 602.

[5] Id. at 602-603.

[6] 91 Ga. 659, 666 (1) (18 SE 370) (1893) ("It is favorable to the general public interest that the fee in all roads should be vested either exclusively in the owner of the adjacent land on one side of the road, or in him as to one half of the road, and as to the other half, in the proprietor of the land on the opposite side of the road.").

ment before the special master. In his answer to the City's condemnation petition, Fowler claimed title through adverse possession, rather than conveyance. The record does not include a transcript of the special master's hearing, leaving us in the dark as to issues that might have been raised orally. At the hearing before the trial court, however, Fowler did not claim that he presented this argument to the special master. Instead, he asserted that the special master had a duty to ferret out and rule upon all potential issues that the parties could have raised, even if they failed to do so.

We disagree. As discussed in Fowler's prior appeal, claims forming the basis for exceptions to a special master's award "must first have been raised and ruled on by the special master himself and preserved on a record which the trial court could have examined."[7] The record contains no evidence that Fowler argued before the special master that ownership in the property at issue vested in him when he took title to the adjacent land. Thus, "[b]ecause Fowler failed . . . to raise [this claim of title] before the special master or to preserve a record of such, he has waived appellate review of [it]."[8]

2. In his second and third enumerations of error, Fowler argues that procedural and jurisdictional defects plagued the special master proceeding, demanding reversal. Specifically, he claims that the City neglected to comply with service requirements and that the special master's hearing was improperly continued. He further argues that the special master and the trial court lacked jurisdiction in this condemnation proceeding to determine title to the property.

Fowler raised these same arguments during his prior appeal in this case, and we decided each adversely to him.[9] We found that he failed to preserve for review his procedural arguments relating to service and timeliness of the special master's hearing.[10] In addition, we rejected his jurisdictional claim, concluding that "the special master and the [trial] court have the power to determine who has an

---

[7] *Fowler*, 238 Ga. App. at 601 (1). See also *Simmons v. Webster County*, 225 Ga. App. 830, 833 (1) (485 SE2d 501) (1997) ("The trial court cannot rule on . . . exceptions to the special master's resolution of non-value items unless the items or issues are raised before the special master, ruled on, and preserved by a record which the trial court can examine.") (citation and punctuation omitted).

[8] *Fowler*, 238 Ga. App. at 602 (1). We further note Fowler's admission that the property at issue here is "essentially the tract" involved in the *Scales* appeal, in which he was a named party. The *Scales* decision affirmed the trial court's ruling that the City owned the land in question. *Scales*, supra. Fowler makes no effort to explain why that determination is not binding in this case. See, e.g., OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.").

[9] *Fowler*, 238 Ga. App. at 601-602.

[10] Id. at 602.

interest in the property and what that interest is."[11] These rulings are binding on Fowler, and he cannot relitigate the issues.[12] Accordingly, Fowler's second and third enumerations of error present no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 22, 2001 —
RECONSIDERATION DENIED SEPTEMBER 12, 2001 — 

*William A. Adams, Jr., Owen J. Adams*, for appellant.
Timothy Fowler, *pro se.*
*Tyron C. Elliott*, for appellee.

---

[11] Id. at 602 (2).

[12] See *Ga. Farm &c. Ins. Co. v. Osting*, 240 Ga. App. 833 (525 SE2d 380) (1999); *In re Spruell*, 237 Ga. App. 259, 260 (515 SE2d 190) (1999).