S04A1162. GEORGIA DEPARTMENT OF TRANSPORTATION
v. MEADOW TRACE, INC. et al.
(603 SE2d 257)

CARLEY, Justice.

The Department of Transportation (DOT) filed an in rem proceeding to condemn approximately 15 acres of a larger tract owned by Meadow Trace, Inc. (MTI) and located at the intersection of I-985 and U.S. Highway 129. A question arose as to the extent of the subject property's right of access along its border with Highway 129. This was an important factor in determining just and adequate compensation, because the value of the property would increase in proportion to its accessibility to the road.

The issue of access depends on the construction of an instrument executed in June of 1966 and denominated as a "Right of Way Deed (LIMITED ACCESS)," wherein MTI's predecessor in title conveyed to the State Highway Department a portion of his larger parcel, for use as the right-of-way of a limited access road that subsequently became I-985. In addition to the interstate right-of-way, the instrument conveyed certain access rights to the Highway Department. The dispute over the scope of the access rights conveyed by the deed was submitted to the trial court on cross-motions for summary judgment.

---

After conducting a hearing, the trial court granted summary judgment in favor of MTI, concluding that the property has unlimited access to the highway.

Thereafter, DOT filed two separate appeals, one to this Court and one to the Court of Appeals. The appeal to this Court purported to be within our jurisdiction over cases involving title to land. Art. VI, Sec. VI, Par. III (1) of the Ga. Const. of 1983. The Court of Appeals transferred its appeal to this Court, recognizing that we have ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction, and stating that the purpose of its transfer was to obtain an "authoritative determination" as to which court has jurisdiction over this appeal. We dismissed as moot the duplicative appeal which DOT filed directly to this Court, and specified that the transferred appeal, wherein the Court of Appeals sought a definitive clarification as to appellate jurisdiction, would remain pending.

The phrase "cases involving title to land," as used in the constitutional grant of appellate jurisdiction to this Court, is narrowly confined to those actions, "such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land. [Cits.]" *Bond v. Ray*, 207 Ga. 559, 561 (63 SE2d 399) (1951). Under that limited definition, "[a] proceeding to condemn land does not present a case respecting title to land so as to vest jurisdiction in the Supreme Court. [Cits.]" *Wiggins v. City of Macon*, 224 Ga. 603, 604 (163 SE2d 747) (1968). Moreover, our jurisdiction includes "only cases that directly involve the title, and does not cover those that only incidentally involve such a question . . . ." *Johnson v. Woodward Lumber Co.*, 202 Ga. 288 (42 SE2d 639) (1947).

> This court has repeatedly held that where title to land has been decreed in the condemnor, incidental questions determining the rights of parties to receive the award of condemnation money, not directly involving the title to land, do not give this court jurisdiction of a condemnation case. [Cits.]

*DeKalb County v. Jackson-Atlantic Co.*, 226 Ga. 664 (177 SE2d 90) (1970).

In this case, a recovery of land is not being sought, and no issue of title is directly involved. DOT has exercised its power of eminent domain and has taken land belonging to MTI. All that remains for determination is the amount of just and adequate compensation that must be paid for that condemned property. The 1966 deed is an incidental factor in establishing that amount, because the instrument conveyed to the State Highway Department some right of

access to the property that is now the subject of the condemnation action. DOT maintains that the deed transferred the right of access between the property and Highway 129. MTI contends that the conveyance of access rights is less expansive. This tangential evidentiary relevancy of the deed to the issue of just and adequate compensation implicates only a construction of its terms, so as to determine the scope and extent of the right of access which was conveyed. " '[T]he fact that a decision of the instant case will require the construction of a deed [does not] make this a case within the jurisdiction of this court.' [Cits.]" *Kinnon v. Mercer*, 222 Ga. 309 (149 SE2d 685) (1966).

In summary, this condemnation action will not result in an adjudication of whether DOT or MTI has superior title to any property. The purpose of the proceeding is to determine the amount which must be paid for property which DOT has taken from MTI, and it involves only the incidental construction of a deed in the chain of title so as to determine the respective interests of the parties under its terms. Therefore, it is not a case "involving title to land" within this Court's jurisdiction, and it is, therefore, returned to the Court of Appeals. *State Hwy. Dept. v. Holleman*, 220 Ga. 72 (137 SE2d 39) (1964). Compare *Graham v. Haley*, 224 Ga. 498, 499 (1) (162 SE2d 346) (1968); *Acree Oil Co. v. State Hwy. Dept.*, 121 Ga. App. 750 (175 SE2d 130) (1970).

*Case returned to the Court of Appeals. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Hulsey, Oliver & Mahar, R. David Syfan, Thomas L. Fitzgerald,* for appellant.

*Stewart, Melvin & Frost, Frank Armstrong III, Alston & Bird, T. Michael Tennant, Kilpatrick Stockton, Tim Carssow, Ian Landgreen,* for appellees.