**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2013**

# In the Court of Appeals of Georgia

A13A0562.  FULTON  COUNTY  v.  DILLARD  LAND  DO-032
      INVESTMENTS, LLC et al.

DOYLE, Presiding Judge.

In this condemnation case, Fulton County appeals the superior court's order setting aside its voluntary dismissal of its condemnation petition, as well as the court's order abrogating the judgment to allow for the filing of non-value exceptions to the special master's award (the "award"). The pivotal issue in this case is whether Fulton County was authorized to voluntarily dismiss its condemnation action after the superior court adopted the award but before the amount of the award was paid into the court's registry or to the condemnee. We conclude that Fulton County was entitled to do so and reverse, for the following reasons.

On February 24, 2012, Fulton County filed a petition for condemnation before a special master under OCGA § 22-2-100 et seq. to acquire 12 acres of land owned by Dillard Land Investments, LLC ("Dillard"), to expand its library facilities. A special master was appointed on March 27, 2012. On May 10, 2012, after a hearing, the special master filed his award with the trial court, concluding that the actual market value of the property was $5,187,500. On May 16, 2012, the trial court entered its judgment adopting the award. On May 18, 2012, Fulton County filed a voluntary dismissal of the petition. On June 12, 2012, Dillard filed an emergency motion to vacate and set aside the voluntary dismissal. On June 15, 2012, Fulton County moved to set aside or vacate the trial court's judgment. On August 14, 2012, the trial court entered an order granting Dillard's motion to set aside the voluntary dismissal and a second order abrogating the judgment to allow the parties to file non-value exceptions to the award. Fulton County filed an application for interlocutory appeal, which this Court granted, and this appeal followed.

Fulton County argues that it was authorized to voluntarily dismiss its condemnation petition. We agree.

OCGA § 22-1-12, which was amended in 2006 and made applicable to all condemnation proceedings filed on or after February 9, 2006, provides:

2

In all actions where a condemning authority exercises the power of eminent domain, the court having jurisdiction of a proceeding instituted by a condemnor to acquire real property by condemnation shall award the owner of any right or title to or interest in such real property such sum as will in the opinion of the court reimburse such owner for his or her reasonable costs and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if: (1) The final judgment is that the condemning authority cannot acquire the real property by condemnation; or (2) *The proceeding is abandoned by the condemning authority*.[1]

OCGA § 22-1-12 was enacted to bestow certain rights to property owners in condemnation actions.[2] Therefore, under the statute, in the case of abandonment by the condemnor, property owners are entitled to recover their expenses incurred in the process.

The only case to date in which this statute is cited is *Gramm v. City of Stockbridge*,[3] wherein a similar issue arose.[4] In *Gramm*, the City of Stockbridge filed

---

[1] (Emphasis supplied.)

[2] *Gramm v. City of Stockbridge*, 297 Ga. App. 165, 167 (676 SE2d 818) (2009).

[3] Id.

[4] Even though the condemnation action in *Gramm* was filed before the effective date of the statute, the opinion is instructive on the issue presented here. See id. at 167.

3

a petition for condemnation before a special master, the special master granted the petition and awarded just compensation to the condemnee, and the city paid the award to the condemnee.[5] The condemnee appealed the value, and before the hearing on the value could be held, the city voluntarily dismissed the condemnation action, relying on OCGA § 22-1-12.[6] This Court held as follows:

> [i]n a condemnation proceeding under OCGA § 22-2-100 et seq., title to the property vests in the condemnor upon entry of the condemnation judgment and payment of the special master's award into the court. . . . OCGA § 22-2-107 (g) provides that "upon the payment of the amount awarded by the special master into the registry of the court, the award of the special master and the judgment of the court condemning the property or interest to the use of the condemning body shall be conclusive." Accordingly, after a condemnation judgment has been entered, the condemnor cannot assent to the judgment adopting the master's findings, pay in its money and seek to take possession of the property, and then disown the very property it has paid for[] and sought possession of in the action.[7]

This Court reasoned that

---

[5] See id. at 165.

[6] Id. at 166-167.

[7] (Citation and punctuation omitted). Id. at 166.

4

[a] property owner should be allowed to rely upon the condemnation as being final when . . . the condemnor has obtained a condemnation judgment; the award has been paid and disbursed; the condemnee has filed no exceptions to the taking; and the condemnor has retained possession of the property for a significant period of time.[8]

Addressing the city's argument that OCGA § 22-1-12 permitted the filing of the dismissal, this Court noted that the statute was inapplicable because the city's condemnation petition was filed before the effective date of the statute, but stated that the statute "[was] silent as to when and under what circumstances an abandonment may be authorized."[9]

Unlike the condemnor in *Gramm*, Fulton County did not pay the amount of the award to the condemnee or into the court registry, nor did it take title of the land for any period of time. Instead, it obtained the condemnation judgment but dismissed the petition two days after the entry of the trial court's judgment, which was entered prematurely.[10] Under these circumstances, the trial court erred by concluding that

---

[8] Id. at 168.

[9] Id. at 167.

[10] OCGA § 22-2-112 (a) provides that any party dissatisfied with a special master's award could file an appeal in superior court "within ten calendar days from the service of the award, plus three additional calendar days for mailing of the award." "The statute . .

5

Fulton County could not dismiss its condemnation action.

The cases relied upon by Dillard do not require a different result. The cases cited were decided under the assessor's method of condemnation, and they all preceded OCGA § 22-1-12.[11] As explained in *Woodside v. City of Atlanta*, assessors' rulings on condemnation cases were self-executing.[12] "Their award[s] [were] to be filed in the office of the clerk of the superior court, and . . . recorded, after which [they would have] the force and effect of a judgment or decree of the superior court."[13] In proceedings before special masters, however, which are governed by OCGA § 22-2-100 et seq., the legislature required that special masters' awards be

---

. sets forth no exceptions to the ten-day period." *Stafford v. Bryan County Bd. of Educ.*, 267 Ga. 274, 275 (476 SE2d 727) (1996). "Because all conditions and limitations provided by the Special Master's Act must be strictly followed, a superior court's entry of judgment on an award prior to the expiration of the ten-day period is reversible error absent an acquiescence or waiver." *Fowler v. City of Warm Springs*, 238 Ga. App. 601, 602 (3) (519 SE2d 703) (1999). Here, there is no evidence of acquiescence or waiver.

[11] See *Woodside v. City of Atlanta*, 214 Ga. 75, 82 (3) (103 SE2d 108) (1958); *Ga. Power Co. v. Fountain*, 207 Ga. 361, 366 (b) (61 SE2d 454) (1950); *Thomas v. Central of Ga. R. Co.*, 169 Ga. 269, 272 (149 SE 884) (1929); *Housing Auth. of Atlanta v. Mercer*, 123 Ga. App. 38, 42 (179 SE2d 275) (1970); *Hodges v. South Ga. Natural Gas Co.*, 111 Ga. App. 180, 180-181 (141 SE2d 182) (1965).

[12] *Woodside*, 214 Ga. at 82 (2).

[13] (Punctuation omitted.) Id.

6

adopted by the trial judge.[14] Thus, the assessor condemnation cases are inapposite and inapplicable to the instant case. Accordingly, we reverse the trial court's order setting aside Fulton County's voluntary dismissal of the condemnation petition.

*Judgment reversed. McFadden and Boggs, JJ., concur.*

---

[14] See OCGA § 22-2-111.