# Court of Appeals
# of the State of Georgia

ATLANTA,___March 21, 2014___

*The Court of Appeals hereby passes the following order:*

**A13A2406. ENNIS v. GEORGIA POWER COMPANY.**

In this condemnation action filed pursuant to OCGA § 22-2-100 et seq., Larry Ennis challenges the legality of the taking of his property. In particular, Ennis complains that the superior court did not conduct a hearing prior to overruling his exceptions to the special master's award. For reasons that follow, Ennis's appeal is hereby dismissed.

On September 13, 2012, Georgia Power Company filed in superior court a condemnation petition to acquire property rights (an easement) to construct, operate, and maintain an electrical transmission line over Ennis's property.[1] In November 2012, a special master conducted a hearing and filed its award with the superior court.

That same month, Ennis timely filed with the superior court exceptions as to non-value issues, and he timely filed a notice of appeal to the superior court contesting the amount of compensation for the easement sought and thus demanded

---

[1] See OCGA § 22-3-20 ("Any person operating or constructing or preparing to construct a plant for generating electricity shall have the right to purchase, lease, or condemn rights of way or other easements over the lands of others in order to run power lines, maintain dams, flow backwater, or carry on other activities necessary for constructing and operating such a plant, provided that the person first pays just compensation to the owner of the land to be affected.").

1

a jury trial thereon.[2] And on December 26, 2012, Georgia Power filed its response to Ennis's exceptions.

On January 4, 2013, the superior court entered an order overruling each of Ennis's exceptions and making the special master's award the judgment of the court, thereby condemning the property interest sought by Georgia Power. It is undisputed that, on that same day, Ennis filed a motion requesting an oral hearing on his exceptions.[3]

On January 10, 2013, Ennis challenged the January 4 order by delivering to the superior court a letter requesting that the superior court either vacate that (January 4) order so as to permit an oral hearing on his exceptions or grant him a certificate of immediate review.[4] It is undisputed that, after a telephone conference with counsel for both parties, the superior court denied Ennis's requests.

Ennis next challenged the January 4 order by filing on January 16, 2013 a "motion to set aside the order of condemnation and for an interlocutory and

---

[2] See *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858-860 (2) (439 SE2d 640) (1994) (distinguishing that the filing of exceptions to non-value issues passed on by the special master is the means by which judicial review of those issues may be had, whereas the filing of an appeal to the superior court is the means by which a jury trial on the issue of value may be had); *Ga. Power Co. v. Stowers*, 282 Ga. App. 695, 696 (639 SE2d 605) (2006) (same).

[3] Ennis has made no assertion that he filed any motion for an oral hearing during the approximately six weeks between the time he filed his exceptions and the time the superior court issued its ruling thereon. Nor has he cited any statutory provision automatically entitling him to an oral hearing on his exceptions.

[4] See *Fountain v. DeKalb County*, 238 Ga. 14, 15 (231 SE2d 49) (1976) (holding that where issues of value remain pending before the trial court, review of rulings upon non-value issues is generally not authorized without a certificate of immediate review).

permanent injunction." In his motion, Ennis reasserted his non-value exceptions and maintained he was entitled to an oral hearing thereon. The superior court scheduled a hearing, which was convened on February 27, 2013, and at which Ennis was represented by counsel. On March 25, 2013, the superior court entered an order denying Ennis's motion. Ennis requested, but was denied, a certificate of immediate review of that ruling.

Thus, on April 12, 2013, Ennis filed a notice of direct appeal to the Supreme Court of Georgia. The Supreme Court transferred the case to this Court, explaining in its order:

> [C]ondemnation cases do not fall within this Court's jurisdiction over cases involving title to land, see *Georgia Dept. of Transp. v. Meadow Trace, Inc.*, 278 Ga. 423 (603 SE2d 257) (2004), and the denial of injunctive relief merely was ancillary to the trial court's resolution of the legal questions concerning the validity of the condemnation order, so the appeal likewise does not invoke the Court's equity jurisdiction, see *Redfearn v. Huntcliff Homes Ass'n. Inc.*, 271 Ga. 745 (524 SE2d 464) (1999).

In his appellate brief (which was filed in the Supreme Court of Georgia, hence transferred to this Court), Ennis maintains that the superior court denied his right to due process of law by denying his exceptions without first affording him an oral hearing thereon.[5] Further, he asserts, when the trial court denied his exceptions, "the

---

[5] Ennis cites no statutory support, but relies on cases such as *Wrege v. Cobb County*, 186 Ga. App. 512 (367 SE2d 817) (1988), which contain language that "an appeal in the superior court . . . begins again the process of adjudication." Id. at 515 (2) (emphasis omitted). However, in *Styers*, the Supreme Court of Georgia clarified that "[s]uch cases do not hold that the limited appeal . . . is applicable to non-value issues." *Styers*, supra at 859 (footnote omitted).

trial court did not, and could not have, reviewed the record of the special master hearing at issue because the transcript of the proceeding was not filed until February 26, 2013. When the trial court executed its order on January 3, 2013 only excerpts of the transcript, selected by Georgia Power, were available for [the court's] review."

Meanwhile, Georgia Power has filed in this Court a motion to dismiss this appeal on several grounds.[6] We agree that dismissal is appropriate, for reason that Ennis's claim that his due process rights were violated when the superior court overruled his exceptions without first conducting a hearing has been rendered moot. The transcript of the February 27 hearing on Ennis's motion to set aside and for injunctive relief reveals that the superior court allowed Ennis to argue his non-value

---

[6] For instance, Georgia Power points out that a jury trial demand on value remains pending, and cites the principle that where issues of value remain pending, appeal as to non-value issues is improper without a certificate of immediate review. *Fountain*, supra. Additionally, Georgia Power points out that a ruling to set aside is ordinarily subject to discretionary review, and cites OCGA § 5-6-35 (a) (8) (requiring discretionary appeals from certain orders denying motions to set aside or denying relief upon a complaint in equity to set aside a judgment). Further, Georgia Power points out that Ennis did not seek injunctive relief before the special master and charges him with "manufactur[ing] jurisdiction for this appeal" by "graft[ing] on a perfunctory request for injunctive relief to his Motion to Set Aside to try to create a basis for a direct appeal under OCGA § 34 (4), which allows a direct appeal from a trial court's ruling on a request for injunctive relief." See generally *Fowler v. City of Warm Springs*, 251 Ga. App. 497, 499 (1) (554 SE2d 301) (2001) (reiterating that "claims forming the basis for exceptions to a special master's award must first have been raised and ruled on by the special master himself and preserved on a record which the trial court could have examined") (punctuation and footnote omitted). Cf. *Earth Management v. Heard County*, 248 Ga. 442, 443 (1) (283 SE2d 455) (1981) (stating that "the denial of injunctive relief is immediately appealable under [OCGA § 5-6-34 (a)] . . . even though there is a jury trial pending on the question of damages.")

4

exceptions.[7] Moreover, when the superior court entered its order denying Ennis's motion on March 25, 2013, it had the benefit of the entire transcript of the special master's hearing (which transcript, as Ennis concedes, *had* been filed on February 26, 2013).[8] Thus, the alleged due process violation was cured when the superior court conducted a hearing on Ennis's motion to vacate the judgment, allowing him to present arguments challenging the special master's award.[9]

Indeed, amongst the several reasons set forth by the superior court for denying Ennis's motion to set aside and for injunctive relief, the superior court aptly determined: "Ennis was afforded such a hearing on February 27, 2013 at which time the [superior] [c]ourt heard oral argument as to such exceptions. Therefore, this issue is now moot."

---

[7] Accord *Simmons v. Webster County*, 225 Ga. App. 830, 832-833 (1) (485 SE2d 501) (1997) (holding that the superior court was not required to conduct an evidentiary hearing on condemnee's exceptions, because that would allow new evidence which was not before the special master or a repetition of evidence which should have been preserved by a transcript).

[8] See generally *Sweat v. Ga. Power Co.*, 235 Ga. 281, 285 (4) (219 SE2d 384) (1975) (rejecting condemnee's challenge to the order of the trial court confirming report of special master, noting that when the trial court overruled the condemnee's exceptions, the court had not only the special master's report and award, but also the benefit of the transcript of the special master's hearing).

[9] *Earth Management*, supra at 445-446 (3) (holding that, where the condemnee alleged a due process violation because he was not heard on exceptions prior to the special master's award was made the superior court's judgment vesting title, the superior court "cured any due process deficiency which may have existed" by conducting a hearing on condemnee's motion to vacate the judgment and allowing the condemnee to present arguments challenging the special master's award).

An appeal is properly dismissed where, as here, "the questions presented have become moot."[10] Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 03/21/2014
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[10] OCGA § 5-6-48 (b) (3); see *Ray v. Hartwell Railroad Co.*, 289 Ga. 452, 453 (711 SE2d 722) (2011) (holding that an appellate "[c]ourt will dismiss an appeal as moot where it affirmatively appears that a decision would be of no benefit to the complaining party") (citation and punctuation omitted); *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986) ("A moot case is one which seeks to determine an abstract question which does not arise upon *existing* facts or rights.") (citations and punctuation omitted; emphasis in original).

6